OPINION OF THE COURT
Barry Kron, J.
The defendant has been charged with criminal possession of stolen property in the fifth degree and petit larceny, in viola *613 tian of Penal Law §§ 165.40 and 155.25. The defendant has moved to dismiss the charges on the ground that the accusatory instrument is facially defective, and for other relief should this aspect of his motion be denied. The novel question raised by the instant motion is whether an adequate criminal court complaint exists when the allegation is that the defendant was discovered to be in possession of allegedly unique and identifiable telephone credit card numbers, recorded on a piece of paper found in his pocket. Although in appropriate conceivable circumstances the presence of such recorded numbers may be essential in asserting an adequate complaint, in the instant situation the bare bones allegations of the complaint fail to charge defendant with a cognizable crime. Accordingly, the motion to dismiss the complaint is granted.
A legally sufficient misdemeanor complaint must contain facts of an evidentiary character supporting or tending to support the charges. The facts must provide reasonable cause to believe that the defendant committed the offense charged. The factual allegations may be based upon personal knowledge of the complainant or upon information and belief. In addition, a legally sufficient information must contain non-hearsay allegations establishing, if true, every element of the offense charged and the defendant’s commission thereof. An information which fails to satisfy these requirements is jurisdictionally defective (see, GPL 100.40 [1], [4]; 100.15 [3]; People v Alejandro, 70 NY2d 133; People v Dumas, 68 NY2d 729). As stressed by the court in People v Alejandro (supra), the unique function that an information serves under the Criminal Procedure Law is the reason the additional showing is required for a prima facie case. Unlike a felony complaint, a defendant can be tried on an information alone. Misdemeanor complaints are not tested by a preliminary hearing or a Grand Jury proceeding. The People are not required to present at any stage before trial actual evidence demonstrating a prima facie case.
The factual part of the accusatory instrument reads as follows: “The deponent, the arresting officer, states that he recovered from the defendant’s person, three AT & T credit card numbers, specifically, 81397323733836, 6062239833485 and 80832579126800. Deponent is informed by Tony Largo for New York Telephone that the defendant is not the legal possessor of said credit card numbers and that the defendant did not have permission or authority to use or possess said credit card numbers. Further, Tony Largo states that said credit card numbers were issued to customers in Florida, *614 Kentucky and Hawaii, respectively, and that there has been unauthorized usage of said credit card numbers from the Jackson Heights area.”
The defendant alleges that the complaint fails to state any facts supporting a conclusion that he stole property. He also asserts that the idea that the three long numbers found on his person were American Telephone and Telegraph (AT & T) credit card numbers is mere speculation and is wholly conclusory. In their response, the People do not directly address the adequacy of the instant accusatory instrument. They instead seek to particularize the facts by adding new facts that are not contained in the complaint. Thus, they allege that “an eyewitness informed the arresting officer that he observed extensive usage of several public phones by the defendant and others unapprehended. The eyewitness also observed pieces of paper and U.S. currency being exchanged.”
Based on the facts contained in the People’s response, it is possible that with the incorporation of more particularized and specific facts indicative of defendant engaging in the use of credit card numbers belonging to others to make calls he could be charged in an adequately drafted complaint with petit larceny and theft of services. In addressing this motion, however, the People’s response must be disregarded insofar as it seeks to enhance the adequacy of the complaint by adding new facts. As stated in People v Alejandro (supra, at 138), ”[b]ecause an information must, for jurisdictional purposes, contain nonhearsay factual allegations sufficient to establish a prima facie case, a prosecutor’s hearsay statements, set forth in a bill of particulars, cannot supply necessary factual allegations to cure a deficient information.” These new facts will, therefore, not be considered in determining the facial sufficiency of the accusatory instrument.
Initially, I reject the defendant’s claim that the numbers have no inherent significance. The potentially unique 14 digit pattern and sequence of these numbers could support the People’s assertion that they are unique AT & T credit card numbers. The identity of the nature of the numbers is not mere speculation. Adequate support for the conclusion that they are AT & T credit card numbers was provided by a representative of New York Telephone. It is also worth noting that defendant possessed three different patterns of numbers, and all were identified as having the necessary unique AT & T pattern. Any claims by defendant that these numbers had an independent significance goes towards challenging findings *615 made by a trier of fact. This aspect of the complaint is sufficient.
The charge of criminal possession of stolen property is facially insufficient. A person is guilty of this offense "when he knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof’ (Penal Law § 165.40). "Property” means any money, personal property, real property, computer data, computer program, thing in action, evidence of debt or contract, or any article, substance or thing of value, including any gas, steam, water or electricity, which is provided for a charge or compensation (Penal Law § 155.00 [1]). To "possess” is to have physical possession or otherwise to exercise dominion or control over tangible property (Penal Law § 10.00 [8]). The only "tangible” property that the defendant is accused of possessing is a piece of paper with three AT & T credit card numbers written on it. He is not accused of possessing the actual AT & T credit cards. The paper is the tangible personal property of the defendant, not of the credit card holders. They do not have a possessory interest in the defendant’s paper. Since the numbers in and of themselves are not tangible property, the charge cannot be sustained. A more expansive reading of the statute would contravene the maxim that penal statutes are to be strictly and narrowly construed (McKinney’s Cons Laws of NY, Book 1, Statutes § 271 [a]).
The court is not naive to the realities of what really is involved in this case. I am aware of the potential difficulty in catching holders of credit card numbers in the process of placing unauthorized calls and the heavy burden that this places on our already overworked police. In the realm of credit cards, it is important to obliterate even carbons of credit card purchases to protect the integrity of unique purchasing power numbers. The mere knowledge of key numbers without possession of the tangible plastic card opens the door to crimes of larceny. It is certainly unsettling to find a situation where an unwanted individual knows your credit card numbers, but the mere isolated knowledge of those numbers, essentially the situation here, has not yet been defined by the Legislature as a crime.
Perhaps based on present economic realities of the purchasing process in 1989, this is a problem that will require greater attention. It is a potentially passé premise that an element of the crime of criminal possession of stolen property is that the property must be tangible. Penal Law § 165.55 (3) states that *616 "[a] person who possesses two or more stolen credit cards or debit cards is presumed to know that such credit cards or debit cards were stolen.” The Legislature may wish to adapt this presumption, as well as the definition of possession, to circumstances encompassing the possession of the essence of purchasing power, which is possession of the unique and identifiable credit card numbers. However, at this time, I must conclude that no crime has been alleged by the mere possession of another’s credit card numbers.
The factual allegations contained in the complaint also fail to provide reasonable cause to believe that the defendant stole these numbers and, thereby, committed the crime of petit larceny (Penal Law § 155.25). Reasonable cause exists when "evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it” (CPL 70.10 [2]). All that the People have asserted is that the defendant possessed three AT & T credit card numbers. They have not offered any facts of an evidentiary character to support their assertion that the defendant wrongfully took, obtained or withheld such property from an owner thereof (Penal Law § 155.05 [1]). It is purely conclusory to assert that the defendant stole three AT & T credit card numbers. It is possible that the defendant was given these numbers by another person, or even the owners of the AT & T credit privileges. There „is also no meaningful allegation that the defendant was the one who used the numbers to make unauthorized calls from the Jackson Heights area. It is not enough that the defendant had these numbers on his person and was arrested in Jackson Heights. A nexus of facts fails to exist that ties the possession with the placing of unauthorized calls.
I note that even if I had considered the new facts alleged in the People’s answer, my decision would be the same. The allegations that an eyewitness informed the arresting officer that he observed- extensive usage of several public phones by the defendant and others and observed pieces of paper and United States currency being exchanged, still fail to provide reasonable cause to believe that the defendant stole property. There is inadequate particular allegations that defendant did anything illegal. Regardless of the logical belief that something improper may have been occurring, it would require *617 unacceptable levels of surmise and conjecture to find the ambiguous claims herein facially sufficient.
Accordingly, the defendant’s motion to dismiss the accusatory instrument for facial insufficiency is granted. The remainder of the defendant’s motions are denied as moot.