*104 OPINION OF THE COURT
Charles J. Heffernan, Jr., J.
This is another in a series of nearly identical fact patterns prosecuted in this jurisdiction with increasing frequency: a charge that use of an illegally possessed A. T. & T. credit card number was unlawfully offered, for a fee, to travelers at the Port Authority terminal in Manhattan. Here, as in other cases, the People assert that the "service” was offered by a form of huckstering — in this case, that defendant’s words were "you can call the whole world for $8.00.” Such cases have engaged various legal issues, determined by the crimes charged in the respective prosecutions.
This case presents two specific questions: (1) whether an information alleging the crime of unauthorized use of a computer (Penal Law § 156.05) should be dismissed for facial insufficiency on the ground that the information fails to aver in nonhearsay terms the element that the computer at issue had a device or coding system designed to prevent unauthorized use; and (2) whether a second count, charging criminal possession of stolen property in the fifth degree (Penal Law § 165.40), should be dismissed for facial insufficiency on the ground that a telephone credit card number is not "property” under Penal Law § 155.00 (1). On the facts before this court, there appears to be no case law on point on the first motion, and but one reported decision on the second motion.
THE FACTS
Defendant Owen Johnson is charged with theft of services (Penal Law § 165.15 [4]), loitering (Penal Law § 240.35 [6]), criminal possession of stolen property in the fifth degree (Penal Law § 165.40), criminal trespass in the third degree (Penal Law § 140.10 [a]), and unauthorized use of a computer (Penal Law § 156.05). By notice of motion dated March 7, 1990, defendant moves to dismiss the fifth count of the information, charging the crime of unauthorized use of a computer, for facial insufficiency pursuant to CPL 170.30 (1) (a) and 170.35 (1) (a). By supplemental memorandum of law dated June 5, 1990, defendant also moves to dismiss the third count of the information, charging the crime of criminal possession of stolen property in the fifth degree, on the same ground.
The accusatory instrument states in pertinent part:
"Deponent states that he observed defendant at the above location saying to passersby 'y° can call the whole world for *105 $8.00’ and that deponent approached an unapprehended individual who said he was from Poland, and deponent then observed defendant pull a small scrap of paper from defendant’s pocket and start dialing a number from the paper onto a phone.
"Deponent further states that when defendant saw deponent approach, deponent observed defendant tear said scrap of paper and throw it to the ground.
"Deponent states that he is informed by Tony Largo, of A. T. & T. security that the number on said piece of paper had been used to make approximately 240 calls during the 2 hours before the defendant was arrested, and informant is the custodian of the phone computer code system and the credit card number and states that defendant had no permission or authority to access or attempt to access the phone computer code systems or to possess or use the said credit card number.
"Deponent further states that defendant was apprehended in an area which had signs posted that said the area was for 'Ticketed Passengers Only’ and that deponent observed defendant had no bus ticket.”
THE COMPUTER COUNT
In support of his application, defendant contends that the count of Penal Law § 156.05 is defectively pleaded because it fails to assert in nonhearsay factual terms that this computer had a device or coding system designed to prevent unauthorized use.
The People dispute this contention, maintaining that the credit card number allegedly used to gain entry into the system constitutes a device or coding system designed to prevent access and therefore this element is satisfactorily alleged.
To preclude dismissal under CPL 170.30 (1) (a) and 170.35 (1) (a), an information must satisfy the statutory requirements specified in CPL 100.15 and 100.40, and refined in People v Alejandro (70 NY2d 133 [1987]). Specifically, an information must allege in nonhearsay factual terms each element of the offense charged and must also assert that defendant'committed this offense (CPL 100.40 [1] [c]; 100.15 [3]) or be subject to dismissal as a jurisdictionally defective instrument. The totality of the allegations against the defendant must demonstrate reasonable cause to believe that defendant committed a crime (CPL 70.10 [2]) and must also recite a legally sufficient, or *106 prima facie, case to support that belief (CPL 70.10 [1]; People v Alejandro, 70 NY2d, supra, at 139).
Penal Law § 156.05 defines the crime of unauthorized use of a computer: "A person is guilty of unauthorized use of a computer when he knowingly uses or causes to be used a computer or computer service without authorization and the computer utilized is equipped or programmed with any device or coding system, a function of which is to prevent the unauthorized use of said computer or computer system.”
Penal Law § 156.00 (1) states: " 'Computer’ means a device or group of devices which, by manipulation of electronic, magnetic, optical or electrochemical impulses, pursuant to a computer program, can automatically perform arithmetic, logical, storage or retrieval operations with or on computer data, and includes any connected or directly related device, equipment or facility which enables such computer to store, retrieve or communicate to or from a person, another computer or another device the results of computer operations, computer programs or computer data.”
Penal Law § 156.00 (4) states: " 'Computer service’ means any and all services provided by or through the facilities of any computer communication system allowing the input, output, examination, or transfer, of computer data or computer programs from one computer to another.”
Defendant contends that this case does not involve the use of a computer but rather use of a telephone. Further, defendant advances the argument that were a computer violation charge to be sustained here, other prosecutions of patent absurdity would follow, such as using without authorization a washing machine that is equipped with a computerized timer. Defendant’s position is ill taken.
The instrumentality at issue here is not merely a telephone, as defendant asserts, but rather a telephone inextricably linked to a sophisticated computerized communication system. Credit card numbers are central to that system, for they themselves constitute evidence of a coding system designed to prevent system misuse. A prospective caller attempting to use the A. T. & T. system simply could not succeed in placing a noncollect long distance call without the proper "code” — i.e., credit card number — which is necessary to activate the telephone computer.
This telephone system, of which the telephone itself is the essential first component, does comport with the statutory *107 definition of "computer” that is, the system is a "group of devices which, by manipulation of electronic * * * impulses * * * can automatically perform * * * logical, storage or retrieval operations with or on computer data”. (Penal Law § 156.00 [1].) The system also meets the definitional inclusion of "any connected or directly related device, equipment or facility which enables such computer to * * * communicate to or from a person”. (Penal Law § 156.00 [1].)
Having determined that a computer was here implicated, the next question is whether the information adequately pleads facts supporting the device or coding system element.
People v Esposito (144 Misc 2d 919 [Sup Ct, NY County 1989]) is the only reported case interpreting the pleading requirement for the crime of unauthorized use of a computer (Penal Law § 156.05). There the defendant, former Police Chief of Metro-North Commuter Railroad Company, was indicted and charged with, among other crimes, 17 counts of Penal Law § 156.05. Defendant moved for dismissal of those counts on the ground that each was factually insufficient under CPL 200.50 (7) (a).[1] There, as here, defendant urged that the failure of the accusatory instrument was to adequately plead the statutory language, "and the computer utilized is equipped or programmed with any device or coding system, a function of which is to prevent the unauthorized use of said computer or computer system.” (Penal Law § 156.05.) There, as here, defendant contended that the accusatory instrument was devoid of facts supporting that element of the crime.
There, however, the similarity ends. For in Esposito (supra), unlike the instant case, the People conceded the failure of the pleading, but urged denial of the motion on the ground that the defects were merely technical and dismissal was not warranted on the facts there present. The court disagreed with the People’s assessment, terming the pleading deficiencies "fundamental.” (People v Esposito, supra, at 924.) Finding that the defendant was not given fair notice of the charges *108 confronting him, the court dismissed each count of Penal Law § 156.05.
The content of the Esposito accusatory instrument differs markedly from the one before this court. The indictment contained no factual information which could reasonably be construed as pleading the disputed element regarding the presence of a device or coding system in the computer intended to prevent its unauthorized use. Contrastingly, the information at bar does plead specific facts which reasonably, albeit circumstantially, suggest the existence of such a device or coding system herein. That is, it states that "Tony Largo * * * is the custodian of the computer code system and the credit card number and states that defendant had no permission or authority to access or attempt to access the phone computer code systems or to possess or use the said credit card number.”
This case is also dissimilar to Esposito (supra) in the facts at issue. There the computer was the New York State Police Information Network (NYSPIN). It is realistically impossible to tell from that fact alone whether that computer system does or does not have a code or device intended to prevent unauthorized use. Hence, in that comparatively more conventional computer mode, the need for notice of the existence of such a coding is more apparent. Not so with an international telephone system such as the one at bar. The interrelationship between the telephone system and the computer is patent. The credit card which A. T. & T. issues to its customers has only one purpose: to permit the lawful holder to utilize the number on the card to "uncode” the computerized phone system, place a call and be subsequently billed for that call.
The court finds that this information, although inartfully drawn, sets forth all the requisite elements of the crime of unauthorized use of a computer. It alleges that defendant possessed and used a credit card number and thereby gained access to the A. T. & T. computer system. This allegedly misappropriated credit card number is a component of the telephone computer code system. As noted above, on the facts here present use of the services of the A. T. & T. computer is dependent upon use of a credit card number. In this instance, defendant is charged with the unauthorized use of such number — or code — to gain access to the telephone system. For the reasons stated above, this court is satisfied that the information does allege, by circumstantial evidence, the element that *109 the computer at issue had a device or coding system designed to prevent the unauthorized use of the computer.
THE STOLEN PROPERTY COUNT
Defendant also moves to dismiss the third count of the information, charging the crime of criminal possession of stolen property in the fifth degree (Penal Law § 165.40), also on the ground of facial insufficiency. Defendant rests his argument on the opinion in People v Molina (145 Misc 2d 612 [Grim Ct, Queens County 1989]), where the court granted an identical motion on essentially identical facts. In both cases the allegation was that defendant possessed telephone credit card numbers belonging to A. T. & T., such numbers being written on a piece of paper that defendant possessed.[2]
The court noted that "[t]he potentially unique 14 digit pattern and sequence of these numbers could support the People’s assertion that they are unique AT&T credit card numbers. The identity of the nature of the numbers is not mere speculation. Adequate support for the conclusion that they are AT&T card numbers was provided by a representative of New York Telephone. It is also worth noting that defendant possessed three different patterns of numbers, and all were identified as having the necessary unique AT&T pattern. Any claims by defendant that these numbers had an independent significance goes towards challenging findings made by a trier of fact. This aspect of the complaint is sufficient.” (People v Molina, supra, at 614-615.)
What troubled the Molina court, however, was the "property” element of the crime, the court finding that the defendant was not accused of holding the actual A. T. & T. credit cards from which the numbers were presumably obtained. The court noted that the paper on which the numbers were written is the tangible personal property of the defendant, not of the credit card holders — a fact that would seemingly be undisputed. Nor would a reasonable person likely gainsay the Molina court’s view that the credit card holders have no possessory interest in that paper.
*110 The final step in the Molina analysis, however, is the point at which this court takes respectful departure from that holding: i.e., that "the numbers in and of themselves are not tangible property”. (People v Molina, supra, at 615.) It was the belief of that court that a more expansive reading would violate the rule that criminal statutes are to be strictly and narrowly construed.
Strict construction, however, need not ignore the clear import of facts and circumstances attending a criminal allegation implicating a technically oriented charge. To do so would be unmindful of the ever-changing nature of American technology and its components.
Penal Law § 155.00 (1) defines "property” as meaning "any money, personal property, real property, computer data, computer program, thing in action, evidence of debt or contract, or any article, substance or thing of value, including any gas, steam, water or electricity, which is provided for a charge or compensation.”
To rest the distinction between culpability and inculpability upon the type of physical material on which the credit card number is listed — or upon the absence of such material— would be to defeat the purpose underlying the statute at issue. The generic crime of criminal possession of stolen property is meant to proscribe knowing possession of property wrongfully taken from a lawful holder. On the facts before this court, there is little, if any, relevance to the form in which the telephone credit card number is possessed. Under the Molina rationale, a person who steals a telephone credit card would be criminally liable if he or she is found in possession of the card. The thief would escape liability, however, by either recording the card number on a piece of paper owned by the wrongdoer and then destroying the card, or by committing the number to memory after destroying the card. The lack of logic in that thesis is evidenced by the following question: is the number with the card of any more value to a person intent on placing phone calls without charge than is the number without the card? The number itself is what is crucial, and not who has the superior possessory interest in the paper on which the number is recorded, or whether the number is written as opposed to being memorized.
Such a number clearly has inherent value, apart from the card onto which the numbers are embossed. Most other credit cards require either that the card be presented for use or, as a *111 precondition to its acceptance for use by telephone, that some verifying data as to the card or the party to whom it was issued be tendered. The use of a telephone credit card, on the other hand, is not encumbered by such constraints. Rather, a person in possession of a validly issued telephone credit card number can place a local, national or international call without immediate scrutiny simply by inputting the credit card number by dialing or pushing a button on the telephone instrument. Lawful bearers of that number will incur later costs for that service. Those who come into possession of those numbers without authorization, however, can place calls at no cost; the bill for those calls will, in due course, be sent to the lawful holder of the credit cards. It is, therefore, beyond quarrel that a telephone credit card number qualifies as a "thing of value.”
More, however, is required in this analysis. While a telephone credit card number is a "thing of value,” care must be taken to be sure that the number in question is indeed such a number. A court must be satisfied that the number possessed is not some innocuous number, innocently had by a defendant. Such a judgment can be made, of course, only in the context of attending circumstances. In the context of a motion to dismiss a count of an information for facial insufficiency, a court must look to the information itself.
The information before the court contains several factual assertions that are helpful in deciding whether the number in question was an A. T. & T. credit card, as opposed to something else: (1) a security representative of A. T. & T., Tony Largo, states that he is the custodian of the phone computer system and the credit card numbers; (2) Mr. Largo also states that defendant had no permission to possess that number; (3) Detective Joseph Rullo of the Port Authority Police Department states that he saw defendant saying to passersby "you can call the whole world for $8.00”; (4) Detective Rullo further states that he saw defendant approach a person who said that he was from Poland, that defendant pulled a scrap of paper from defendant’s pocket and began to dial a number from that paper onto a telephone; (5) Detective Rullo states that when defendant saw Detective Rullo approaching, defendant tore the scrap of paper and threw it to the ground; (6) Mr. Largo states that the number on the paper had been used to make approximately 240 calls during the two hours before defendant’s apprehension.
The confluence of those factors persuades this court that the *112 number that defendant is charged with possessing is, indeed, an A. T. & T. credit card number, a "thing of value.” That is, however, not the end of the inquiry on the question whether the telephone credit card number is "property” under Penal Law § 155.00 (1).
The statute couples "thing of value” with the modifying clause "which is provided for a charge or compensation.” (Penal Law § 155.00 [1].) On the facts pleaded herein, there is no indication that the card was provided to the lawful owner in exchange for immediate charge or compensation. Nor need there be such an assertion. For the charge attaching to the credit card number is, of course, a subsequent charge, for calls that are placed by using that number. This is sufficient to meet the compensation or charge requirement of Penal Law § 155.00 (1).
Accordingly, this court does not concur with the sole challenge made by defendant to the facial sufficiency of the pleading of the count charging criminal possession of stolen property in the fifth degree: i.e., that the number on the slip of paper in question is not "property” within the statutory definition. On the facts at bar, the A. T. & T. telephone credit card number qualifies for inclusion within the statutory definition of "property.”
Therefore, the motion to dismiss count three of the information is denied. This ruling is, of course, limited to the facts before the court and to the legal challenge raised herein.
Accordingly, defendant’s motion to dismiss counts three and five of the information is denied.

. CPL 200.50 states:
"An indictment must contain * * *
"(7) A plain and concise factual statement in each count which, without allegations of an evidentiary nature,
"(a) asserts facts supporting every element of the offense charged and the defendant’s or defendants’ commission thereof with sufficient precision to clearly apprise the defendant or defendants of the conduct which is the subject of the accusation”.

. In Molina (145 Misc 2d 612), the paper bearing the credit card numbers was found in defendant’s pocket; in the information at bar, defendant is alleged to have pulled a piece of paper presumably bearing credit card numbers from his pocket after approaching a foreign national with a telephone-use overture; the defendant allegedly thereafter tore that paper and threw it to the ground.