OPINION OF THE COURT
Gabriel W. Gorenstein, J.
The defendant is charged with unauthorized use of a computer (Penal Law § 156.05), attempted criminal possession of *148 computer related material (Penal Law §§ 110.00, 156.35), attempted unlawful duplication of computer related material (Penal Law §§ 110.00, 156.30 [1]) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40). The information filed in this case alleges in substance that the defendant sold a computer list of Empire Car Service customers to an individual in exchange for United States currency. In addition, the information charges that: “(i) defendant did not have permission or authority to possess [the] list of customers; (ii) [the] list of customers could only be accessed and printed through [Empire Car Service’s] computer system; (iii) defendant did not have permission or authority to access or print through said computer system; and (iv) the value of [the] list of customers exceeds two thousand five hundred dollars.” The defendant moves to dismiss the information in its entirety. As set forth below, the defendant’s motion is granted in part and denied in part.
A. Unauthorized Use of a Computer
Penal Law § 156.05 provides that: “A person is guilty of unauthorized use of a computer when he knowingly uses or causes to be used a computer or computer service without authorization and the computer utilized is equipped or programmed with any device or coding system, a function of which is to prevent the unauthorized use of said computer or computer system.” Defendant argues that because the information does not allege that the computer he used had a “device or coding system”, the information is jurisdictionally defective for failing to “establish * * * every element of the oifense charged and the defendant’s commission thereof’ as required by CPL 100.40 (1) (c). The People, in their motion papers opposing defendant’s motion, fail even to address this argument.
The information is clear in alleging that the list obtained by the defendant came from the Empire Car Service’s computer system and that he had no authority to obtain access to that computer system. The statute, however, on its face does not make criminal the mere use or accessing of a computer system without permission or authority. The Legislature has imposed the additional requirement that the computer be “equipped or programmed with any device or coding system, a function of which is to prevent the unauthorized use of [the] computer or computer system.” (Penal Law § 156.05 [emphasis supplied]; see, People v Esposito, 144 Misc 2d 919, 923 [Sup Ct, NY County 1989].) The legislative history of the statute makes clear that *149 this requirement was included on the ground that “[s]uch protective devices provide the first line of defense against unauthorized intrusion into a computer system.” (See, Mem of Attorney-General in support of L 1986, ch 514, 1986 NY Legis Ann, at 233; accord, Governor’s Mem approving L 1986, ch 514, 1986 McKinney’s Session Laws of NY, at 3173 [“The bill is prophylactic as well as punitive. The computer industry is encouraged * * * to devise codes to limit unauthorized use”]; Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 156, at 284 [device or coding system requirement was incorporated into the law “in order to encourage greater self-protection on the part of the computer industry”].) The Legislature thus put computer owners on notice that in order to receive the protection of the criminal statute, they must equip their computers with some kind of protection mechanism, such as a password requirement or a lock.
The information in this case makes no allegations whatsoever regarding the existence of a device or coding system to prevent the unauthorized use of Empire Car Service’s computer. This case thus stands in contrast to People v Johnson (148 Misc 2d 103 [Crim Ct, NY County 1990]), where the court found that the facts pleaded “reasonably, albeit circumstantially, suggest the existence of such a device or coding system”. (Supra, at 108.) In the present case, to assume the existence of such a system would be pure conjecture. The mere allegation that an individual has obtained access to a computer without the owner’s authority is insufficient to plead a violation of Penal Law § 156.05. This count of the information is therefore dismissed.*
B. Attempted Unlawful Duplication of Computer Related Material and Attempted Criminal Possession of Computer Related Material
Penal Law § 156.30 (1) provides that:
“A person is guilty of unlawful duplication of computer related material when having no right to do so, he copies, reproduces or duplicates in any manner * * *
“any computer data * * * and thereby * * * wrongfully deprives or appropriates from an owner thereof an economic *150 value or benefit in excess of two thousand five hundred dollars”.
Penal Law § 156.35 prohibits the possession of “any copy, reproduction or duplicate of any computer data * * * which was copied, reproduced or duplicated in violation of [Penal Law § 156.30], with intent to benefit himself or a person other than an owner thereof.” Defendant argues that these counts must be dismissed because the information fails to allege with more specificity that the list involved constitutes “computer data”. The information, however, alleges that the list “could only be accessed and printed through [Empire Car Service’s] computer system.” The statute itself defines “computer data” to include any information that is “processed, or ha[s] been processed in a computer”. (Penal Law § 156.00 [3].) Given the broad definition of computer data set forth in the statute, the information’s allegations of this element are sufficient.
The defendant also argues that there are insufficient allegations that the defendant has “copie [d], reproduce [d] or duplicate[d]” the data. These are expansive terms. To “reproduce”, for example, can mean “to present again” or “to make a representation (as an image or copy) of.” (Webster’s New Collegiate Dictionary 982 [1976].) Inasmuch as the information asserts that the defendant printed specific data through the computer system, this is sufficient to satisfy the requirement that the defendant “reproduced” the data at issue.
Finally, the defendant argues that he cannot be charged both with the crime of attempted criminal possession of computer related material (Penal Law §§ 110.00, 156.35) and attempted unlawful duplication of computer related material (Penal Law §§ 110.00, 156.30). He argues that it is “illogical” to charge that the computer list at issue was at the same time both a computer list that was improperly possessed and also a “copy, reproduction or duplicate” of the very same computer list. Yet this is exactly the way the statutory provisions have been written. In Penal Law § 156.30, the Legislature made the act of improperly copying, reproducing, or duplicating computer data a crime (provided there is a wrongful deprivation of property or intent to commit a felony). In Penal Law § 156.35, the Legislature made criminal the possession of the same data (where there is an intent to benefit the defendant or a person other than the owner of the data). The Legislature could properly distinguish these two crimes inasmuch as an individual is capable of causing computer data to be copied without ultimately possessing the data. Such an individual is charge *151 able under Penal Law § 156.30. If an individual ultimately takes possession of this copied data — regardless of whether the individual was the one who copied it unlawfully — the taking possession would constitute a separately chargeable crime as long as the remaining requirements of section 156.35 are met. These two statutes thus address two different acts that are capable of being committed by the same individual.
For these reasons, the motion to dismiss these counts is denied.
C. Criminal Possession of Stolen Property
Defendant moves to dismiss the count of the information charging criminal possession of stolen property in the fifth degree on the ground that the information does not sufficiently allege that the customer list constitutes “stolen property” under Penal Law § 165.40. The information, however, alleges that the defendant wrongfully took the computer list from its owner without consent. The motion to dismiss this count is therefore denied.

 Given the above disposition, the court does not reach the additional argument by the defendant that the information is also deficient for failing to allege the elements of Penal Law § 156.00 (6), which sets forth what is meant by the “use[] [of| a computer * * * without authorization”.