**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Edwin M. DELAPAZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 28, 2002.
Filed April 3, 2002.

James L. Best, Lewisburg, for appellant.

Michael T. Hudock, Asst. Dist. Atty., for Commonwealth, appellee.

Before: HUDOCK, BROSKY and OLSZEWSKI, JJ.

BROSKY, J.

¶ 1 Edwin M. Delapaz appeals from the judgment of sentence imposed after a jury convicted Appellant of unlawful use of a computer, forgery, and theft of services.[1] Herein he challenges the sufficiency of the evidence used to convict him for unlawful use of a computer. After careful review, we affirm.

¶ 2 The conviction in question arose out of Appellant's use of the prison telephone system while incarcerated at the Snyder County Prison (Prison) in Selinsgrove, Pennsylvania, between May and October of 2000. The prison maintains a special telephone system for inmates' use. Each prisoner is issued a personal telephone identification number called a TIN number (TIN) which is linked by the computer to their commissary account. They are also given a form to fill out on which they can request numbers they wish to call. These numbers are then programmed into the system in an account associated with that TIN number. An inmate can then use his

---

1. 18 Pa.C.S.A. § 3933(a)(1), § 4101(c) and § 3926, respectively.

TIN, much like a bank auto-teller access number, to place calls to any of the numbers stored in the system's computer under his account number. All prisoner calls were placed at specially designated telephones that were specially programmed to access this system. Inmates accessed the system by entering their responses to automated voice prompting messages using the telephone keypad. All calls either had to be placed as collect calls or by using a valid TIN which the system's computer then used to automatically debit the inmate's commissary account.

¶ 3 Appellant was convicted by a jury of using the prison telephone system to call people at numbers which he had fraudulently caused to be placed on another inmate's account and which he then accessed by using that inmate's TIN without authorization. Charges for these calls were billed to that inmate's commissary account. Appellant maintained throughout trial that he was authorized by the other inmate to use the account, but on appeal, does not contest the jury's decision to disregard his claim. Appellant's Brief at 6.

¶ 4 The only issue Appellant raises on appeal is whether an inmate of a county prison who misappropriated the phone account number of another inmate to make personal calls can be found guilty of unlawful use of a computer, 18 Pa.C.S.A. § 3933, because the prison phone system is operated by a computer. Appellant argues that there was no evidence that he accessed a computer within the meaning of the statute. We do not agree.

¶ 5 In an appeal asserting insufficiency of the evidence, our standard of review is as follows:

In viewing the evidence, we remain mindful that credibility determinations were a matter solely for the fact finder below. On appeal, we must examine the evidence in the light most favorable to the Commonwealth drawing all reasonable inferences therefrom. If a jury could have reasonably determined from the evidence adduced that all of the necessary elements of the crime were established, then the evidence will be deemed sufficient to support the verdict.

*Commonwealth v. Berkowitz,* 415 Pa.Super. 505, 609 A.2d 1338, 1343 (1992) (citations omitted).

¶ 6 In, *Commonwealth v. Gerulis,* 420 Pa.Super. 266, 616 A.2d 686 (1992), we examined an analogous case of § 3933 access using a telephone as the interface with a computer system. The defendant in that case used a Touch–Tone telephone to transmit a password to the digital interface of the voice mailbox system of a hospital, thereby enabling her to change the passwords to the mailboxes, converting them for her own use. We held that defendant's use of the telephone to access this computer system clearly constituted "access" under § 3933(a)(1). *Id.*

¶ 7 Appellant admits that he used the TIN number of another to steal the value of personal phone calls, but argues that he "did not alter any pass codes, directly access any database, or use a computer directly." Appellant's Brief at 11. We do not find this argument persuasive.

¶ 8 In *Gerulis,* we cited with approval the New York case of a stolen credit card used to make unauthorized telephone calls. *People v. Johnson,* 148 Misc.2d 103, 560 N.Y.S.2d 238 (N.Y.Crim.Ct.1990). We find it equally instructive here:

The instrumentality at issue here is not merely a telephone, as defendant asserts, but rather a telephone inextricably linked to a sophisticated computerized communication system. Credit card numbers are central to that system, for they themselves constitute evidence of a coding system designed to prevent

system misuse. A prospective caller attempting to use the AT & T system simply could not succeed in placing a non-collect long distance call without the proper "code"—i.e., credit card number—which is necessary to activate the telephone computer.

560 N.Y.S.2d at 241.

¶ 9 Appellant was charged and convicted under subsection (a)(1) of 18 Pa.C.S.A. § 3933(a)(1), which provides:

§ 3933. Unlawful use of computer

(a) Offense defined.—A person commits the offense of unlawful use of a computer if he, whether in person, electronically or through the intentional distribution of a computer virus:

(1) Accesses, exceeds authorization to access, alters, damages or destroys any computer, computer system, computer network, computer software, computer program or database or any part thereof, with the intent:

(i) to interrupt the normal functioning of an organization; or

(ii) to devise or execute any scheme or artifice to defraud, deceive or control property or services by means of false or fraudulent pretenses, representations or promises;

The statute defines Access as:

"Access." To intercept, instruct, communicate with, store data in, retrieve data from or otherwise make use of any resources of a computer, computer system, computer network or database.

18 Pa.C.S.A § 3933(c).

¶ 10 Like the defendant in *Johnson*, Appellant used a stolen password to activate a computer communication system maintained by the prison. Like the credit card numbers in that case, the TIN number used by Appellant was central to that system, and constituted evidence of a coding system designed to prevent system misuse.

Thus, Appellant could not have succeeded in placing a non-collect long distance call without the proper code required to activate the telephone system computer. Each time that Appellant entered a stolen TIN to make a call, he not only activated the prison's computer system, but also caused the computer to store and process a record of his calling activity which was then automatically used to debit the victim's commissary account.

¶ 11 We therefore find sufficient evidence in the record that these actions resulted in communication with, instruction to, storage in, retrieval of data from, and use of the resources of a computer, computer system, computer network or database as defined in the Act.

¶ 12 We conclude that Appellant's conviction of unlawful use of a computer was based upon sufficient evidence. Accordingly, we affirm.

¶ 13 Judgment of sentence affirmed.