UNITED STATES, Appellee,

v.

Private E–1 Gilbert G. ABEYTA, SSN
525–08–7732 United States
Army, Appellant.

SPCM 15438.

U. S. Army Court of Military Review.

2 Sept. 1981.

Lieutenant Colonel John F. Lymburner, JAGC, Major Grifton E. Carden, JAGC, Major James F. Nagle, JAGC, and Captain Edwin S. Castle, JAGC, were on the pleadings for the appellant.

Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Major John T. Meixell, JAGC, Major Douglas P. Franklin, JAGC, and Captain Karen S. Gillett, JAGC, were on the pleadings for the appellee.

Before JONES, GARN and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

Contrary to his pleas of not guilty, the appellant was convicted of assault with a dangerous weapon, larceny of taxicab services, and carrying a concealed weapon in violation of Articles 128, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 921, and 934.[1] The military judge sentenced him to a bad-conduct discharge, confinement at hard labor for four months, and forfeiture of $200 pay per month for four months. The convening authority approved the sentence.

This Court requested briefs on the question of whether taxicab services can be the subject of a larceny under Article 121, UCMJ. Those briefs have been filed. We conclude that taxicab services cannot be stolen in violation of the Article.

Article 121, UCMJ, provides in part as follows:

(a) Any person subject to this chapter who wrongfully takes, obtains, or withholds, by any means, from the possession of the owner or of any other person any *money, personal property,* or *article of value of any kind* . . . (emphasis added).

---

1. The military judge acquitted appellant of dishonorably failing to pay his debt for the taxi fare.

508

In the discussion of the larceny offense in paragraph 200, Manual for Courts-Martial, United States, 1969 (Revised edition), there are various examples of the property that can be stolen. Among the types mentioned specifically are: a horse, an automobile, a vehicle, a boat, a truck, a suitcase, a watch, precious stones, a service weapon, goods, supplies, issue items, funds, money, writings which represent value such as commercial paper, and negotiable instruments. A debt is specifically excluded. Property which can be the subject of a larceny is also described in a more abstract way, e. g., property which may be moved, property severed from real estate, property to which there is title, property which can be possessed (controlled or managed), and property which may be concealed. "Services" do not fall within any of these categories.

In turning to the court decisions interpreting Article 121, we find that the Court of Military Appeals has recognized the issue but has not been required to decide whether services can be the subject of larceny. In *United States v. Herndon*, 15 U.S.C.M.A. 510, 36 C.M.R. 8 (1965), the Court was presented with the question of the sufficiency of specifications under Article 134, UCMJ, alleging that the accused had wrongfully and unlawfully obtained telephone services through fraud. The Court determined that the specifications stated an offense in fraud under the general article as charged. It specifically declined to answer the question of whether such services could be the subject of a larceny.

Among the different armed services, the Air Force first considered the issue. In two well reasoned opinions that analyzed Article 121, UCMJ, and its legislative history, that Court (Board of Review) concluded that the use of a rental car, *United States v. McCracken*, 19 C.M.R. 876 (A.F.B.R.1955), and telephone services, *United States v. Jones*, 23 C.M.R. 818 (A.F.B.R.1956) could not be the subject of larceny. The Court concluded that the terms "money, personal property, or article of value", as used in

Article 121, were not meant to encompass items not having a corporeal existence.

The Army Court (Board of Review) in an opinion after *Herndon* determined that the "use and occupancy" of government quarters could not be the subject of an Article 121 larceny charge. *United States v. Case*, 37 C.M.R. 606 (A.B.R.1966), *pet. denied* 37 C.M.R. 470 (1967). The Court discussed at length the question of what could be stolen and in reaching its conclusion cited *McCracken* and *Jones* approvingly. In its most recent case, however, this Court concluded that taxicab services could be the subject of a larceny under Article 121. *United States v. Brazil*, 5 M.J. 509 (A.C.M. R.1979). The Court reached its decision without giving its reasons and without discussing or even citing the cases of *Jones*, *McCracken*, and *Case*.

The Government argues that *Brazil* controls here and that this Court should continue the trend of embracing in the larceny statute as property almost anything of value. We decline to do so.

Historically, the definition of property that can be the subject of larceny has been limited to tangible items. It does not include services. Wharton's Criminal Law, 14th Edition, Vol. III, § 383. The broadened scope of the law has come from statutory changes, not judicial changes. *Id.*; American Law Institute, *Model Penal Code*, Part II, § 223.7. We conclude that Article 121, based as it is on the New York Penal Code, does not include services within the class of property that can be stolen.[2] Accordingly, we believe the holding of this Court in *Brazil* was in error and that *Case*, *Jones*, and *McCracken* correctly state the law in the military.

The relief sought by appellant in this case is the setting aside of the larceny conviction and substitution "of an offense sounding in fraud under Article 134, UCMJ, and reassess[ment] of the sentence accordingly." The Government argues for affirmance as charged, and in the alternative joins in the prayer for affirmance of an Article 134 fraud offense.

2. The Court of Military Appeals' decision in *Herndon* points to one possible method of charging when the theft of services involves fraud.

The problem with affirming a finding under Article 134, UCMJ, is that the offense was charged and at all times prosecuted as a larceny. We recognize that the law is unsettled on the issue of when an offense not included within and different from the one charged may be affirmed. *Compare United States v. Rowe,* 13 U.S.C. M.A. 302, 32 C.M.R. 302 (1962) with *United States v. Long,* 2 U.S.C.M.A. 60, 6 C.M.R. 60 (1952). *See United States v. Maze,* 2 U.S.C. M.A. 260, 45 C.M.R. 34 (1972); *United States v. Martin,* 50 C.M.R. 314 (A.C.M.R. 1975), *affirmed* 23 U.S.C.M.A. 476, 50 C.M.R. 495 (1975); *United States v. Almendarez,* 46 C.M.R. 814 (A.C.M.R.1972). We believe the better rule precludes this Court at this late stage of the proceedings from affirming a conviction, under Article 134 sounding in fraud.

The findings of guilty of Charge II and its specification are set aside and the charge and specification are dismissed. The remaining findings of guilty are affirmed. In view of the seriousness of the assault offense, no reduction in sentence is warranted. The sentence is affirmed.

Judge LEWIS and Judge GARN concur.