**UNITED STATES, Appellee**

v.

**Robert L. BATES, Electronics Technician First Class, U.S. Navy, Appellant.**

No. 93–1502.

CMR No. 92 02321.

U.S. Court of Military Appeals.

Submitted Feb. 23, 1994.

Decided Sept. 16, 1994.

For Appellant: *Lieutenant James A. Douglas,* JAGC, USNR.

For Appellee: *Colonel T.G. Hess,* USMC; *Commander S.A. Stallings,* JAGC, USN; *Lieutenant Commander Lyle H. Bowen, Jr.,* JAGC, USN.

*Opinion of the Court*

COX, Judge:

In accordance with his pleas, appellant was convicted of carnal knowledge and sodomy with a child, as well as of committing indecent acts with a child (4 specifications), in violation of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 USC §§ 920, 925, and 934, respectively. A military judge sitting alone sentenced appellant to a dishonorable discharge, 14 years' confinement, total forfeitures, and reduction to E–1. The convening authority approved the sentence, but suspended confinement in excess of 5 years for a period of 12 months from the date of his action. The Court of Military Review set aside the finding of guilty to one specification of committing indecent acts, but affirmed the remaining findings. Upon reassessment of the sentence the term of confinement was reduced to 10 years, but the sentence was otherwise affirmed.

We granted appellant's petition for review to determine whether his pleas to carnal knowledge were provident, and whether the independence of the court below was subject to question. 39 MJ 354 (1993). The latter issue has been resolved in favor of the Government. *United States v. Mitchell,* 39 MJ 131 (CMA), *cert. denied,* ___ U.S. ___, 115 S.Ct. 200, 130 L.Ed.2d 131 (1994). After reviewing the inquiry conducted by the military judge in this case, we are satisfied that the inquiry as to appellant's pleas to carnal knowledge was minimally sufficient.

During the providence inquiry, the military judge advised appellant that there were three elements to the offense:

1. That he engaged in an act of sexual intercourse with a female;

2. That the named female was not his wife; and

3. That the female was under the age of 16 years.

*See* Art. 120. The military judge did not define the term "sexual intercourse." Moreover, he did not advise appellant of the well-known proposition that "[a]ny penetration [of the female sexual organs], however slight, is sufficient to complete the offense." *See* para. 45c(2), Part IV, Manual for Courts–Martial, United States, 1984.

During the plea inquiry, appellant told the military judge that the victim of all the offenses was his daughter, who was 14 at the time. When asked to relate the events which made him believe he was guilty of carnal knowledge, appellant told the military judge:

I had attempted intercourse with my daughter. I touched my penis to her vagina. She had said that it hurt. I stopped....

The military judge did not engage in any further colloquy with appellant on this offense. Nonetheless, we conclude that appellant sufficiently described an act which would indicate that he had penetrated the female organs of the victim. His statement that she told him, "It hurt," clearly indicates something more than contact with the surface of her external genitalia.

Moreover, we do not believe that appellant's comment that he had "attempted intercourse" with the victim was substantially inconsistent with an admission of guilt to carnal knowledge. It is clear from the context of the providence inquiry that appellant was not using the word "attempt" as a term of art. Rather, he was describing his effort to engage in coitus which ended when his daughter protested. Therefore, it did not render his pleas improvident. *United States v. Logan*, 22 USCMA 349, 47 CMR 1 (1973);

*see also United States v. Penister*, 25 MJ 148, 153 (CMA 1987) (Cox, J., concurring).

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Chief Judge SULLIVAN and Judges CRAWFORD and GIERKE concur.

WISS, Judge (dissenting):

As the majority opinion demonstrates, this providence inquiry is a model of inadequacy. The absolutely critical element of this offense was occurrence of "sexual intercourse," which legally is accomplished only if there is "[p]enetration, however slight," of a woman's sexual genitalia by a man's penis. Art. 120(c), Uniform Code of Military Justice, 10 USC § 920; *see* para. 45c(2), Part IV, Manual for Courts–Martial, United States, 1984. Yet, the military judge did not advise appellant that the requirement by which to measure whether sexual intercourse occurred was penetration, so there is no basis at all to infer that appellant himself had any knowledge of this key criterion. Otherwise, I might be able to accept a conclusion, in the context of an actual reflection of that knowledge, that the required factual basis for appellant's pleas was adequately established by appellant's abbreviated explanation of events that is quoted in the majority opinion. 40 MJ at 363.

As it is, however, appellant's explanation is woefully inconclusive as to whether intercourse occurred. He revealed only that he "attempted intercourse," that he "touched [his] penis to her vagina," that she "said that it hurt," and that he "stopped." Unless I accept, in an instance of a 14–year–old girl, that "hurt" always equals "penetrated," there is nothing in this explanation that factually supports a plea to more than attempted carnal knowledge. I am unwilling to draw that equation, so I would reduce the finding to one of attempt.