UNITED STATES, Appellee,

v.

Private First Class Norita Y. RAY,
327–66–5697, United States
Army, Appellant.

ARMY 9501545.

U.S. Army Court of Criminal Appeals.

18 Dec. 1996.

For Appellant: Captain Matthew A. Myers, Sr., JA; Captain Richard E. Burns, JA (on brief).

For Appellee: Colonel John M. Smith, JA; Lieutenant Colonel Eva M. Novak, JA; Major Lyle D. Jentzer, JA; Captain Kenneth D. Albert, JA (on brief).

Before CAIRNS, RUSSELL, and CARTER, Appellate Military Judges.

## OPINION OF THE COURT

CARTER, Judge.

A general court-martial convicted appellant, pursuant to her pleas, of aggravated assault, assault consummated by a battery upon a child under sixteen years of age, and cruelty to a child in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934 (1988)[hereinafter UCMJ]. The military judge sentenced appellant to a dishonorable discharge, confinement for eight years, forfeiture of all pay and allowances, and reduction to Private E1. The convening authority approved the adjudged sentence, but suspended confinement in excess of sixty months for sixty months. The case is before this court for automatic review under Article 66, UCMJ.

Appellant raises two assignments of error which merit discussion:

### I.

WHETHER THE APPELLANT'S PLEA OF GUILTY TO CHARGE II, SPECIFICATION 2 (CRUELTY TO A CHILD), WAS IMPROVIDENT IN THAT THE SPECIFICATION FAILED TO STATE AN OFFENSE.

### II.

WHETHER THE APPELLANT'S PLEA OF GUILTY TO CHARGE I, SPECIFICATION 1, WAS IMPROVIDENT WHEN THE PROVIDENCE INQUIRY FAILED TO ESTABLISH A SUFFICIENT FACTUAL PREDICATE ON THE ELEMENT OF INTENT TO INFLICT GRIEVOUS BODILY HARM.

The court finds that only the first assignment of error has merit.

### I. FACTS

This is a child abuse case. On 22 March 1995, appellant became "very angry" when she noticed that her three-year-old daughter had smeared feces in her hair. Appellant admits her conduct in a stipulation of fact:

The accused drew a bath of very hot water for the purpose of punishing [her daughter]. After partially filling the tub with water, the accused took [her daughter] by the shoulders and forced her down into the scalding water. She held [her daughter] down in the tub while the scalding water spread over her thighs, around her ankles, and into her vagina. [Her daughter] was unable to get out of the tub because of the force with which the accused held her down. The accused forced [her daughter] to remain in the tub of hot water for approximately three minutes.

Later that same day an adult friend arrived at the accused's house. The stipulation of fact describes what he saw:

[I]t appeared to him that the child had third degree burns from her waist down. He noticed that the burns started at the top of her buttocks and went half way down her thighs, and that the inside of her vagina, buttocks, and portions of her ankles were burned. The child was shaking, and had a fever of 102 [degrees]. [The friend] also noticed that there were large strips of skin, that had apparently peeled from [the child's] body, lying on the floor next to the couch where [the child] lay.

According to the stipulation of fact and appellant's admissions during the guilty plea inquiry, appellant told her friend that her daughter had accidentally turned on the hot water and crawled into the tub when appellant was not looking. Appellant then asked her friend to take the child to the hospital, provide false names, and say the child accidentally burned herself while the friend was baby-sitting the child. The friend refused. Later, the child repeatedly stated that "mommy" burned her, even though the appellant tried to get the child to say that she burned herself. The appellant told her friend that she did not want to get in trouble and asked him not to tell anyone. Ultimately, the appellant and her family fled Fort Benning, Georgia, without obtaining medical care for the child and went to the appellant's mother's home in Michigan.

On 27 March 1995 the child received medical care for the first time since her injuries. The attending doctor prescribed salve and antibiotics and agreed not to report the case to proper authorities. On 28 March 1995, after receiving an anonymous phone call, the police seized the child and transported her to a medical center. Medical authorities removed layers of dead skin in order to treat the child. The child had a 102 degree fever, a distended stomach, and a potentially fatal sepsis infection in her blood stream, all caused by her injuries or lack of proper treatment thereof. The child was placed on a special diet and subsequently admitted to a special burn unit in a Michigan hospital for fourteen days due to the severity of her injuries. The child received first, second, and third degree burns over fifteen percent of her body including her buttocks, portions of her thighs, portions of her feet, and inside her vagina.

## II. CRUELTY TO CHILDREN

Appellant was convicted of a violation of the Official Code of Georgia Annotated, § 16–5–70(a)(1995), Cruelty to children, as assimilated by Article 134, UCMJ, for willfully depriving her child of "necessary sustenance" by failing to obtain proper medical treatment for her between 22 and 27 March 1995. Appellant argues that there is no such offense under Georgia law. We agree.

■ Under Georgia case law, denial of necessary medical care does not constitute denial of sustenance. *Howell v. State,* 180 Ga.App. 749, 350 S.E.2d 473 (1986). Accordingly, we will dismiss this charge and specification.

## III. GRIEVOUS BODILY HARM

To be guilty of assault in which grievous bodily harm is intentionally inflicted, one must have specifically intended to inflict grievous bodily harm. Manual for Courts–Martial, United States (1995 edition) [hereinafter MCM, 1995], Part IV, para. 54b(4)(b)(iv). " 'Grievous bodily harm' means serious bodily injury." MCM, 1995, para. 54c(4)(a)(iii).

During the guilty plea inquiry, the military judge advised the appellant of the elements for the offense of assault in which grievous bodily harm is intentionally inflicted, including that at the time of the assault she had to have the specific intent to inflict grievous bodily harm. The appellant answered "Yes" when asked if she understood the elements of this charge and admitted that they correctly described what she did. The military judge did not define the term "grievous bodily harm" or inquire further regarding her specific intent to inflict grievous bodily harm.

■ A military judge may not accept a plea of guilty without first determining that there is a factual basis for the plea. Rule for Courts–Martial 910(e)[hereinafter R.C.M.]. An accused must admit every element of the offense to which he pleaded guilty. Additionally, the elements of the offense should be explained to the accused during the providence inquiry. *See* R.C.M. 910(e) discussion. If, after a plea of guilty, an accused "sets up matter inconsistent with" the plea, that plea cannot be accepted. Article 45(a), UCMJ. To reverse a guilty finding on appeal, the record must "show a 'substantial basis' in law and fact for questioning the guilty plea." *United States v. Prater,* 32 M.J. 433, 436 (C.M.A. 1991).

When discussing the factual basis for the plea with the appellant, the military judge

failed to ask or discuss in any manner whether appellant intended to cause serious bodily injury to her child when "punishing" her. This failure, coupled with the military judge's failure to define and explain the term "grievous bodily harm," reflects a lack of attention to detail. The issue for this court is whether the record is so deficient as to require setting aside the finding of guilty for aggravated assault.

■ We find the guilty plea inquiry meets the minimal requirements to be legally and factually sufficient. The military judge should have defined the term "grievous bodily harm" and discussed its meaning with the appellant. However, his failure to do so does not make the plea improvident. See United States v. Bates, 40 M.J. 362 (C.M.A.1994) (plea to carnal knowledge minimally sufficient despite the military judge's failure to define "sexual intercourse" or explain that "any penetration, ... however slight, is sufficient to complete the offense").

■ The military judge also should have inquired as to appellant's specific intent to inflict grievous bodily harm. However, the appellant did admit a sufficient factual basis for the plea. Specifically, she admitted during the guilty plea inquiry that she forced her three-year-old daughter into scalding hot water for the purpose of punishing her; that she forcibly held her child in the water for three minutes so that the child could not get out; that the water was so hot that her child suffered first, second, and third degree burns over fifteen percent of her body; that some of the burns were so severe that large strips of skin peeled off her child's body after the appellant removed her from the tub; and that she engaged in an elaborate attempt to avoid detection by trying to obtain treatment for her daughter without notification to the appropriate authorities of her misconduct.

We have considered the facts admitted by the appellant during the guilty plea inquiry and in the stipulation of fact as well as the reasonable inferences derived from those admissions. We find that the factual basis was sufficient and that the guilty plea inquiry did not set up "matter inconsistent with" her admission that she specifically intended to inflict grievous bodily harm upon her child.

Article 45(a), UCMJ. Under these facts, we specifically find that the appellant's admitted intent to punish her child by forcibly holding her in scalding hot water for three minutes constitutes a specific intent to inflict serious bodily injury upon her. See MCM, 1995, para. 54c(4)(b)(ii).

■ Additionally, we do not believe that appellant's implicit assertion that she was acting under a parent's duty to administer discipline on a child was inconsistent with her plea. Parents are not free to punish their children without considering the natural and probable consequences of administering excessive disciplinary force. See generally MCM, 1995, paras. 54c(4)(a)(ii) and (b)(ii). Punishment is not a defense for the use of force on a child by a parent if the force is designed or known to cause a substantial risk of serious bodily injury. United States v. Ward, 39 M.J. 1085 (A.C.M.R.1994); United States v. Gooden, 37 M.J. 1055, 1057 (N.M.C.M.R.1993) citing United States v. Robertson, 36 M.J. 190 (C.M.A.1992) and United States v. Brown, 26 M.J. 148, 150 (C.M.A.1988). Because the immersion of a young child in scalding hot water is known to cause serious bodily injury such as the severe second and third degree burns inflicted by the appellant upon her daughter, we find that such conduct is patently beyond the scope of reasonable punishment. See generally United States v. Outin, 42 M.J. 603 (N.M.Ct. Crim.App.1995).

## IV. CONCLUSION

We have reviewed the remaining assignment of error and matters personally raised by the appellant and find them to be without merit. The findings of guilty of Charge II and its Specification 2 are set aside (Specification 1 was dismissed at trial). Charge II and its Specification 2 are dismissed. The remaining findings of guilty are affirmed. In the interests of judicial economy, we will reassess the sentence ourselves rather than return the case for a rehearing on sentence. See United States v. Poole, 26 M.J. 272 (C.M.A.1988); United States v. Sales, 22 M.J. 305 (C.M.A.1986). This court may reassess a sentence only if we are convinced that even if

without the noted error, appellant's "sentence would have been at least of a certain magnitude." *Sales,* 22 M.J. at 307.

In reassessing the sentence we note that the military judge considered a maximum sentence to confinement of twenty-five years (he found the aggravated assault and the assault and battery on a child multiplicious for sentencing). The maximum sentence of confinement the military judge would have considered for the offenses we affirm is five years.

■ Reassessing the sentence based on the error noted and the entire record, including the descriptions and photographs of the child's injuries, the pain she suffered, and appellant's elaborate attempt to conceal her misconduct, we are confident that the military judge would have sentenced the appellant to at least a dishonorable discharge, confinement for fifty-four months, forfeiture of all pay and allowances, and reduction to Private E1; accordingly, this court affirms that portion of the sentence.

Senior Judge CAIRNS * and Judge RUSSELL concur.