**UNITED STATES, Appellee,**

v.

**Private E1 Dalyn L. MORRIS, United States Army, Appellant.**

**No. 20010767.**

U.S. Army Court of Criminal Appeals.

24 Jan. 2003.

---

For Appellant: Major Jeanette K. Stone, JA; Captain Linda A. Chapman, JA.

For Appellee: Lieutenant Colonel Margaret B. Baines, JA.

Before WRIGHT, Chief Judge, HARVEY, Senior Judge, and BARTO, Appellate Military Judge.

## OPINION OF THE COURT

WRIGHT, Chief Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of wrongful appropriation and forgery in violation of Articles 121 and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 923 [hereinafter UCMJ]. The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for five months, and forfeiture of all pay and allowances.

This case is before the court for mandatory review under Article 66, UCMJ, 10 U.S.C. § 866. Under the facts and circumstances of this case, the military judge's guilty plea inquiry meets the minimal requirements to be legally and factually sufficient and no relief is warranted.

## Facts

The military judge advised appellant that his guilty plea would admit every element of the charged offenses and that it authorized imposition of the maximum punishment. He also explained to appellant that a guilty plea waived his right against self-incrimination, his right to trial by court-martial on the merits, and his right to confront and cross-examine any witnesses that could be called against him. Appellant was placed under oath. The military judge correctly advised appellant of the four elements of wrongful appropriation, as follows:

> MJ: Okay, I'm going to read to you the four elements of wrongful appropriation, okay. The first one is that at or near Fort Hood, Texas, on or about the 10th of March, you wrongfully took, withheld, or obtained certain property, in this case a checkbook, from the possession of Specialist [C.G.]. The second element is that the property belonged to Specialist [C.G.]. The third element is that the property was of a value less than $100. The last element is [that] the taking, withholding, or obtaining by you of this property was with the intent to temporarily deprive or defraud [Specialist C.G.] of the use or benefit of that property, or to temporarily appropriate the property to your own use or the use of someone other than the owner, in this case [Specialist C.G.]. There's kind of a lot of stuff there, but we can work our way through it one item at a time. Why don't you tell me what happened in your own words.

*See Manual for Courts–Martial, United States* (2000 ed.) [hereinafter *MCM,* 2000], Part IV, para. 46b(2). The military judge failed to follow the usual practice of Army military judges in that he did not read to appellant applicable definitions from the Dep't of Army, Pam. 27–9, Legal Services: Military Judges' Benchbook [hereinafter

Benchbook], para. 3–46–2d (1 Apr. 2001),[1] as follows:

"Possession" means care, custody, management, or control.

"Owner" refers to any person (or entity) who, at the time of the (taking) (obtaining) (withholding) had a greater right to possession than the accused did, in light of all the conflicting interests.

Property "belongs" to a person or entity having (title to the property) (a greater right to possession of the property than the accused) (or) (possession of the property).

"Took" means any actual or constructive moving, carrying, leading, riding, or driving away of another's personal property.

*See also MCM*, 2000, Part IV, para. 46c.

In connection with the forgery offenses, the military judge correctly described its three elements as follows:

MJ: ... The first element is that at or near Fort Hood, Texas, on divers occasion, between the dates of 10 March 2001 and 15 April 2001, you falsely altered certain checks as described in the specification, and if you've got it in front of you, you can see them all listed. Now does your copy reflect what you [are pleading] guilty to?

ACC: Yeah.

MJ: In other words, the checks are all similar, they're just different numbers and different dollar amounts of the checks.

ACC: Yes, sir.

MJ: ... The second element is that these checks would, if they were genuine, operate to the legal harm of another person. And, the last element is that the alleged false writings were made with intent to defraud. Okay, do you understand those three elements?

ACC: Yes, sir.

*See MCM*, 2000, Part IV, para. 48b(1). However, the military judge again failed to provide any of the definitions from the Benchbook, para. 3–48–1d, to wit:[2]

"Falsely (made) (altered)" means an unauthorized signing of a document or an unauthorized (making) (altering) of the writing which causes it to appear to be different from what it really is.

"Intent to defraud" means an intent to obtain an article or thing of value through a misrepresentation and to apply it to one's own use and benefit or the use and benefit of another, whether temporarily or permanently.

*See also MCM*, 2000, Part IV, para. 48c.

Appellant agreed that his stipulation of fact, which provided sufficient facts to support appellant's guilty plea, correctly described his conduct and was entered into voluntarily. Appellant also agreed that the stipulation of fact was part of his pretrial agreement, and could be used to determine guilt and an appropriate sentence. Appellant provided a clear factual description of his conduct in support of his guilty plea to wrongful appropriation of Specialist (SPC) C.G.'s checkbook and to his subsequent altering of six of SPC C.G.'s checks in the total amount of $535.88.[3]

Appellant was neither inexperienced nor immature. He was of below-average intelligence, holding a general technical score of eighty-eight, but there was no evidence of mental disability. Appellant had a high school diploma. At the time of trial, appellant was twenty-three years old and had completed four years of active service. He was married and had two children. He also had some prior experience with the military justice system in that he received nonjudicial punishment on two occasions, one each at company grade and field grade levels. *See* UCMJ art. 15, 10 U.S.C. § 815.

---

1. The Benchbook contains nonbinding model instructions for military trial judges. *United States v. Carson*, 57 M.J. 410, 413 (2002).

2. The means by which "legal harm" may ensue is obvious in a check forgery case. Therefore, the military judge did not err when he failed to explain "legal harm" to appellant. *See* Benchbook, para. 3–48–1d, Note 2.

3. Appellant and SPC C.G. were roommates. Specialist C.G. had presigned his checks. Appellant took SPC C.G.'s checkbook and filled in the amounts and payees on six checks while SPC C.G. was deployed. Appellant then conveyed the six checks to either vendors or his wife.

### Law

Our superior court has long required the military judge, in guilty plea cases, to "inquire as to the facts surrounding the accused's guilty pleas and [to] determine whether an accused is pleading guilty knowingly and voluntarily." *United States v. Jones,* 34 M.J. 270, 272 (C.M.A.1992) (citing *United States v. Care,* 18 U.S.C.M.A. 535, 539, 40 C.M.R. 247, 251, 1969 WL 6059 (1969), and *United States v. Davenport,* 9 M.J. 364 (C.M.A.1980)); *see also Bousley v. United States,* 523 U.S. 614, 615, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (noting that for a guilty plea to be constitutionally valid it must be voluntary and intelligent and "[a] plea is not intelligent unless a defendant first receives real notice of the nature of the charge against him"). "Before accepting a plea of guilty, the military judge shall address the accused personally and inform the accused of, and determine that the accused understands ... [t]he nature of the offense to which the plea is offered...." Rule for Courts–Martial [hereinafter R.C.M.] 910(c)(1); *see also United States v. Roeseler,* 55 M.J. 286, 289 (2001) ("[T]he military judge is tasked with ensuring that the military accused understands the nature of the offenses to which guilty pleas are accepted." (citation omitted)). The military judge's failure "to explain to the accused every element of the offense charged" is ordinarily error. *United States v. Sweet,* 42 M.J. 183, 184 (1995) (citing *Care,* 18 U.S.C.M.A. at 541, 40 C.M.R. at 253); *see* R.C.M. 910(e) discussion.

For the most complex offenses, such as conspiracy or accessory after the fact, "failure to explain the elements will *generally* result in reversal." *United States v. Nystrom,* 39 M.J. 698, 702 (N.M.C.M.R.1993)

(emphasis added) (citing *United States v. Pretlow,* 13 M.J. 85 (C.M.A.1982)); *see also United States v. Bullman,* 56 M.J. 377, 383 (2002) (noting that one reason appellant's guilty plea was improvident was because the military judge failed to define "dishonorable conduct" with respect to a specification alleging dishonorable failure to pay a just debt). For other offenses, such as carnal knowledge,[4] aggravated assault,[5] or for criminal responsibility as an aider and abettor,[6] failure to provide all relevant definitions is also error, but not necessarily reversible error.

■ A guilty plea, however, is not automatically rendered improvident by the military judge's failure to identify or explain the elements of the offense "if the accused admits facts which establish that all the elements are true." *United States v. Thomas,* 45 M.J. 661, 663–64 (Army Ct.Crim.App. 1997) (citing *United States v. Jones,* 34 M.J. 270 (C.M.A.1992)). "Rejection of a guilty plea on appellate review requires that the record of trial show a substantial basis in law and fact for questioning the guilty plea." *United States v. Jordan,* 57 M.J. 236 (2002) (citing *United States v. Prater,* 32 M.J. 433, 436 (C.M.A.1991)). "For simple military offenses whose elements are commonly known and understood by servicemembers, an explanation of the elements of the offense is not required to establish the providence of a guilty plea if the record otherwise makes clear that the accused understood those elements." *Nystrom,* 39 M.J. at 701 (citing *United States v. Kilgore,* 21 U.S.C.M.A. 35, 44 C.M.R. 89, 1971 WL 12456 (1971)). In any event, a military accused is not entitled to a "law school lecture" on legal concepts applicable to a guilty plea. *See Roeseler,* 55 M.J. at 289 (affirming guilty plea to conspira-

---

4. *See United States v. Bates,* 40 M.J. 362, 362–63 (C.M.A.1994) (holding guilty plea to carnal knowledge was minimally sufficient even though military judge failed to define "sexual intercourse" or explain that "[a]ny penetration, ... however slight, is sufficient to complete the offense" (citation omitted)).

5. *United States v. Ray,* 44 M.J. 835, 838 (Army Ct.Crim.App.1996) (holding failure to define the term "grievous bodily harm" for offense of assault with intentional infliction of grievous bodily harm was not so deficient as to make the guilty plea improvident (citation omitted)), *rev'd in part*

on other grounds, 49 M.J. 50 (1998) (summary disposition).

6. Our superior court has stated, "It would have been eminently appropriate for the trial judge to have explicitly advised the accused that, to be an aider and abettor, he had to intend to aid the criminal venture of the principals. While no such express advice was provided, in light of the appellant's admissions of fact, the scope of the *Care* inquiry was not fatally deficient." *United States v. Crouch,* 11 M.J. 128, 130 (C.M.A.1981).

cy and noting no requirement to explain "difference between bilateral and unilateral conspiracy").

With regard to the offenses of wrongful appropriation and forgery, the military judge's failure to define and explain the terms "possession," "owner," "belongs," "took," "falsely altered," and "intent to defraud" in this case reflects a lack of attention to detail. *See Ray,* 44 M.J. at 838; *United States v. Hansen,* —— M.J. ——, slip op. at 4 (N.M.Ct.Crim.App. 14 Jan. 2003). However the three most critical requirements for a provident guilty plea were met. Appellant admitted the facts necessary to establish the charges, he expressed a belief in his own guilt, and there were no inconsistencies between the facts and the pleas. *See Jones,* 34 M.J. at 272 (citing *Davenport,* 9 M.J. at 366–67). Appellant clearly understood the wrongfulness of his actions as evidenced by his guilty plea, his testimony, and the discussion of the stipulation of fact with the military judge. This understanding, along with consideration of the entire record, allows us to be confident that appellant's guilty pleas were provident and that "the dictates of Article 45, [UCMJ,] 10 U.S.C. § 845, R.C.M. 910, and *Care* and its progeny have been met." *Jordan,* 57 M.J. at 239.

### Conclusion

We have reviewed the matters personally raised by appellant under *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and find them to be without merit. The findings of guilty and the sentence are affirmed.

Senior Judge HARVEY and Judge BARTO concur.