UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 GALLUP, HAM, and JOHNSON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Specialist ROBERT L. STEPHENS
 United States Army, Appellant

 ARMY 20070461

 Headquarters, U.S. Army Signal Center and Fort Gordon
 Donna M. Wright, Military Judge
 Colonel D. Shawn Shumake, Staff Judge Advocate

For Appellant: Colonel Christopher J. O’Brien, JA; Lieutenant Colonel
Steven C. Henricks, JA; Major Sean F. Mangan, JA; Captain Candace N. White
Halverson, JA (on brief).

For Appellee: Major Elizabeth G. Marotta, JA; Lieutenant Colonel Francis
C. Kiley, JA; Captain Michael D. Wallace, JA (on brief).

 27 August 2008

 --------------------------------
 SUMMARY DISPOSITION
 --------------------------------
Per Curiam:

 Upon review of the case before us under Article 66, Uniform Code of
Military Justice [hereinafter UCMJ], we find appellant improvident to
Specification 2 of Charge IV. The remaining findings of guilty are
affirmed.

 A providence inquiry into a guilty plea must: (1) establish that the
accused believes and admits he or she is guilty of the charged offenses;
and (2) provide a set of factual circumstances—admitted by the
accused—which objectively support the guilty plea. Rule for Courts-Martial
910(e); United States v. Simmons, 63 M.J. 89, 92 (C.A.A.F. 2006); United
States v. Barton, 60 M.J. 62, 64 (C.A.A.F. 2004); United States v. Morris,
58 M.J. 739, 742-43 (Army Ct. Crim. App. 2003). Furthermore, “in a guilty-
plea case, inconsistencies and apparent defenses must be resolved by the
military judge or the guilty plea must be rejected.” United States v.
Outhier, 45 M.J. 326, 331 (1996). Before this court rejects a guilty
plea, however, the record of trial must show a “substantial basis” for
questioning the plea. United States v. Adams, 63 M.J. 223, 226 (C.A.A.F.
2006); United States v. Prater, 32 M.J. 433, 436 (C.M.A. 1991).

 In the instant case, appellant raised an inconsistency regarding the
exact time and frequency of his false official statements. Specification 2
of Charge IV alleges appellant committed a violation of Article 107, UCMJ
by fraudulently signing a company sign-in roster “for all times at 1135
hours . . . .” The stipulation of fact, on the other hand, states
appellant “signed in for several times at 1135 hours . . . .” During the
providence inquiry appellant highlighted the inconsistencies and stated
that “instead of signing in every hour on the hour, [he] came in maybe like
0800 or 0900 and [he] signed in for those two hours, and then at 0900 [he]
signed in for a few hours in advance until like 1200 or 1300 hours.”
Appellant also admitted he returned at 1400 and again violated Article 107,
UCMJ by signing the roster “for a couple more hours.”

 The military judge never resolved the inconsistency between the
offense as charged (version one), as described in the stipulation of fact
(version two) and as described by appellant during his providence inquiry
(version three). Because there are three unresolved versions of exactly
when and how appellant committed the offense, we will set aside the finding
of guilty.

 Accordingly, Specification 2 of Charge IV is set aside and dismissed.
The remaining findings of guilty are affirmed. Reassessing the sentence on
the basis of the modified findings, the entire record, and in accordance
with the principles of United States v. Sales, 22 M.J. 305 (C.M.A. 1986),
and United States v. Moffeit, 63 M.J. 40 (C.A.A.F. 2006), to include the
factors identified by Judge Baker in his concurring opinion, we affirm the
sentence.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court