# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, BURTON, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist AARON M. PERNELL**
**United States Army, Appellant**

ARMY 20100978

Headquarters, 82d Airborne Division
Gary J. Brockington, Military Judge
Major Jessica A. Golembiewski, Acting Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain Meghan M. Poirier, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Katherine S. Gowel, JA; Major Christopher S. Glascott, JA (on brief).

24 January 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, pursuant to his pleas, of attempted aggravated sexual contact, rape, aggravated sexual contact, assault consummated by battery, and burglary, in violation of Articles 80, 120, 128, and 129, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 920, 928, 929 (2006) [hereinafter UCMJ].[1]  The military judge sentenced appellant to a dishonorable discharge, confinement for fifty years, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the adjudged sentence.

This case is before the court for review under Article 66, UCMJ.  This court has considered the matters appellant raised pursuant to *United States v. Grostefon*,

---

[1]  The military judge acquitted appellant of a separate specification of burglary and one specification of housebreaking.

12 M.J. 431 (C.M.A. 1982), and determined that they are without merit. Appellant raises a single assignment of error related to Additional Charge II and its Specification. This assignment of error warrants a brief discussion but no relief.

We do find the language of Additional Charge II and its Specification to be technically deficient. Nonetheless, we will correct the minor deficiency contained in the specification at issue in our decretal paragraph because the deficiency does not prejudice appellant. *See United States v. Fosler*, 70 M.J. 225, 230 n.3 (C.A.A.F. 2011) (stating that "not all drafting errors call a conviction into question[,]" as "[m]inor and technical deficiencies are not fatal to the charge and specification, assuming they do not prejudice the accused.") (citations and internal quotation marks omitted); *United States v. Le*, 59 M.J. 859, 860 (Army Ct. Crim. App. 2004) (modifying Charge I and its Specification "to more accurately reflect appellant's culpability").

As drafted, Additional Charge II and its Specification alleged the following:

> In that [appellant], U.S. Army, did, at or near Fort Bragg,
> North Carolina, on or about 12 December 2009, attempt to
> cause Mrs. [MD] to engage in a sexual contact, to wit: *by*
> inserting his penis in her anus, by using physical violence
> and force sufficient to prevent her from avoiding or
> escaping the sexual contact, and by threatening her that
> she and her children would be subjected to death.

(emphasis added). The government intended to describe the attempted offense in this specification with sufficient detail to put appellant on notice of every element of the charge. Nevertheless, the inartful use of the word "by" before "inserting" implies that appellant actually succeeded in committing the completed offense of aggravated sexual contact. While appellant's penis came "in contact" with MD's anus, he did not succeed in penetrating MD's anus because she was able to successfully fight him off.[2]

Regardless of the inartful drafting of Additional Charge II and its Specification, the military judge correctly identified and explained to appellant the elements of the specification and the underlying attempted offense. Appellant understood the nature of his criminal conduct and knowingly and voluntarily

---

[2] We note that the military judge correctly defined "sexual contact" as "the intentional touching, either directly or through the clothing, of the . . . anus . . . of another person . . . ." *See Manual for Courts-Martial*, *United States* (2008 ed.), pt. IV, ¶ 45.a(t)(2). Thus, based upon appellant's admissions during the providence inquiry, it appears that appellant actually committed the greater offense of aggravated sexual contact.

admitted facts necessary for the military judge to accept his guilty plea to Additional Charge II and its Specification. As such, there is no prejudice to the substantial rights of appellant in removing the word "by" before it appears prior to the word "inserting" from the specification at issue. *See United States v. Ballan*, 71 M.J. 28, 35–36 (C.A.A.F. 2012) (finding no prejudice even though the case involved a defective specification because the guilty plea process ensured appellant had sufficient notice "of the offense of which he may be convicted and all elements thereof" and protected him against double jeopardy); *United States v. Morris*, 58 M.J. 739, 743 (Army Ct. Crim. App. 2003) (finding that "the three most critical requirements for a provident guilty plea were met[,]" as "[a]ppellant admitted the facts necessary to establish the charges, he expressed a belief in his own guilt, and there were no inconsistencies between the facts and the pleas.").

Eliminating the word "by" before it appears prior to "inserting" simply signifies that appellant attempted to insert his penis into MD's anus via the use of physical violence, force, and threats. This was the understanding of all of the parties at trial.

Therefore, after considering the record of trial, the parties' pleadings, and the entire case, in relation to Additional Charge II and its Specification, we affirm only so much of the finding of guilty that states appellant "did, at or near Fort Bragg, North Carolina, on or about 12 December 2009, attempt to cause Mrs. [MD] to engage in a sexual contact, to wit: inserting his penis in her anus, by using physical violence and force sufficient to prevent her from avoiding or escaping the sexual contact, and by threatening her that she and her children would be subjected to death," in violation of Article 80, UCMJ. UCMJ art. 66; *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008) (recognizing that appellate courts apply the substantial basis test in reviewing guilty pleas, "looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea."). The remaining findings of guilty are affirmed. Reassessing the sentence in light of the above and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms the sentence as approved by the convening authority.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3